| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FOSS, SAN FILIPPO & MILNE, LLC<br>Gregory R. Milne, Esq. -023641989<br>225 Broad Street, P.O. Box 896<br>Red Bank, NJ 07701<br>Attorney for Secured Creditor<br>FRESHSTART VENTURE CAPITAL CORP. | **Chapter 13**<br>**Case No.: 23-10733** |
| In Re: Cherubin Vincent | **CERTIFICATION IN OPPOSITION TO DEBTOR'S MOTION TO VACATE THE DISMISSAL** |

I, Gregory R. Milne, Esq., being of full age, hereby certify and say:

1. I am an attorney-at-law in the State of New Jersey and a partner in the Law Firm of Foss, San Filippo & Milne, LLC, counsel for the secured creditor FreshStart Venture Capital Corp. (hereinafter "FSVC") in the above-entitled matter.

2. In that capacity, I am familiar with the facts and circumstances set forth herein, and I am authorized to make this Certification in support of the Opposition to the Motion to Vacate the Dismissal.

3. This matter was originally filed under Chapter 7 of the Bankruptcy Code and converted to Chapter 13 on or about July 24, 2023, over the objection of FSVC.

4. On September 14, 2023, the matter was dismissed by the Bankruptcy Court.

5. On September 28, 2023, the debtor's attorney Anthony Scordo, Esq., filed a Motion to Vacate the Dismissal.

6. The Debtor failed to provide the Court with the income and employment information. See Certification of Anthony Scordo, Esq., ¶2.

7. The debtor and/or counsel failed to appear at the Confirmation Hearing.

8. The Debtor, Cherubin Vincent owes the creditor, FreshStart Venture Capital, an amount exceeding $710,992.02.

9. The Debtor proposed a plan that did not include the value of real estate transferred to his spouse which transfer violated the Uniform Fraudulent Transfer Act (UFTA).

10. When the Chapter 7 case was converted over this creditors' objection, the Court granted the conversion, in part based on a representation by counsel that the property would be included in the estate as if the transfer had not occurred. The Court responded;

> Alright well listen, Mr. Milne, my view was as long as he treats your claim fairly, which would include consideration of this alleged fraudulent conveyance. So, if he transferred his equity in the house and his share of the equity was worth $50,000 then he has got to do a plan that pays creditors $50,000, in order to get a discharge on Chapter 13. So, it sounds like Chapter 13, you know it's not like he can run and hide, he has got to propose a plan that accounts for your client's legal position.

11. Granting the Debtor's Motion to Vacate the Dismissal will result in my client suffering from further delays in collecting the outstanding debt.

12. For the reasons above, the debtor's motion to reinstate should be denied.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

FOSS, SAN FILIPPO & MILNE, LLC
Attorney for Plaintiffs

By: _____
GREGORY R. MILNE, ESQ.

Dated: 10/12/23