| | |
|---|---|
| In re,<br>VINCENT, CHERUBIN<br>                          Debtor. | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CHAPTER 13 BANKRUPTCY<br><br>Case Number: 23-10733 (JKS) |
| CHERUBIN VINCENT and CAROLE VINCENT, husband and wife,<br><br>                          Plaintiff(s),<br><br>vs.<br><br>FRESHSTART VENTURE CAPITAL CORP.,<br><br>                          Defendant(s). | ADVERSARY NO.:<br><br>**COMPLAINT**<br><br>1. Violation of NJ Usury and Lending Laws<br><br>2. Unjust enrichment<br><br>3. Violation of the N.J. Consumer Fraud Act N.J.S.A. 56:8- 1 et. seq.<br><br>4. Violation of the NY General Business Law Section 349 (a)<br><br>5. Breach of Contract<br><br>6. Common Law Fraud and Conspiracy to Defraud |

Plaintiffs, Cherubin Vincent and Carole Vincent, husband and wife, by and through their counsel, Anthony Scordo, complains of the Defendants as follows:

### JUDICIAL STATEMENT

The United States Bankruptcy Court has jurisdiction over the subject matter of the within adversary proceeding pursuant to 28 USC Section 157 and 1334. Venue is proper under 28 USC Section 1409.

### PARTIES

1. Plaintiffs, Cherubin Vincent and Carole Vincent ("Plaintiffs or "The Vincents"), are a married couple residing at 56 Watson Avenue, West Orange, New Jersey 07052.

2. Defendant, Freshstart Venture Capital Corp. ("Freshstart"), is a New York corporation, having offices at 437 Madison Avenue, New York, New York 10022.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this Motion under 28 U.S.C §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of this proceeding and this Motion are proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

4. The statutory basis for the relief sought in this Motion are 11 U.S.C. §§105, 362 and Rule 400l(b) of the Federal Rules of Bankruptcy Procedure.

### BACKGROUND

5. Defendant Freshstart and Plaintiff Cherubin Vincent, entered into a Promissory Note in the amount of $300,000.00 modified by Loan Modification Agreement March 10, 2017 extending same to January 10, 2019.

6. During the term of the aforesaid Note, plaintiff was required to make monthly payments of $1856.35, after modification $1837.10. The Note provided that, upon default, Plaintiff also sought permission to sell the medallion at public or private auction and ordering the Newark Division of Taxicabs to permit transfer of the Medallion.

7. Briana Taxicab LLC ("Briana") is a NJ LLC owned by plaintiff Cherubin Vincent . Briana entered into a promissory note with defendant on January 21,2014 in the amount of $360,000 which had matured on January 23, 2018, requiring monthly payments of $2119.60. On May 1,2018 the Note was modified and extended to January 23, 2020 with monthly payments increased to $2237.95. As a condition for signing the N had "exercised the option" to "accelerate the indebtedness and has no(sic) demanded the full unpaid balance" including principal interest and fees. Plaintiff again sought permission to seize and transfer that Medallion.

8. Plaintiff then executed a note executed Cherubin Vincent, for an additional $650,000. This Note was secured by two more Newark taxicab medallions requiring monthly payments of $3924.05 and was modified on May 1, 2018 increasing the monthly payment to $4077.23 and extending the maturity date to January 23, 2020. Plaintiff allegedly defaulted on October 23, 2018 by not making the payment.

9. On May 8, 2020, the Superior Court entered default judgment against the individual defendant Cherubin Vincent in the amount of $698,159.18 plus attorneys' fees and costs totaling $12,832.87. Default judgments were also entered against the LLC defendants in varying amounts.

10. Defendant seized the collateral in the form of taxi medallions and auctioned same allegedly applying the amounts as repayment of the Notes. Defendant has failed to provide any proof that it received the amounts defendant received from the auction of the collateral in the form of cash or otherwise.

11. Defendant is a wholly owned subsidiary of Medallion Financial Corporation ("Medallion Financial"), a Delaware company headquartered in New York City. On December 29, 2021 Medallion Financial and its President Andrew Murstein and Chief Operations Officer were charged in the United States District Court, Southern District of New York, Docket Number 21-civ-11125 with engaging in "fraudulent schemes" to deceive investors and thereby boost the company's stock price in violation of the antifraud, books and records, internal controls and anti-touting provisions of the federal securities laws (Section 17(a) of the Securities Act of 1933) and Section 10(b) and

Rule 10b-5 of the Securities Exchange Act of 1934). The core business of Medallion Financial was making loans backed by taxicab medallions to taxicab owners and operators; however, the popularity of Uber and Lyft led to a decline in the value of the medallions and of Medallion Financial's stock price.

12. Defendant misrepresented to plaintiffs the value of the secured collateral, and at the time of modification increasing the amount of the loans, knew that the bargain was unconscionable as the securited property was worth significantly less than the loan amounts. Plaintiff Cherubin is not fluent in English and had no attorney advising him when the agreements were executed. In addition, Defendant failed to properly value its collateral backed loans by not taking into account the adequacy of the collateral and market conditions and for inaccurately reporting its loan to value ratios for its medallion backed loans in its Form 10-K for 2017. The government seeks civil monetary penalties, disgorgement of related profits and interest accrued and to permanently bar Murstein from acting as an officer or director of a publicly tradec company. The SEC Complaint remains active and pending as of this date.

## COUNT I
## USURY AND LENDING LAWS NEW JERSEY

1. Defendants violated N.J.S.A. 31:1-1 in connection with Promissory Notes, dated Jan. 9, 2013 and all prior and/or subsequent modifications.

**WHEREFORE,** Plaintiff demands judgment against defendants, jointly and/or severally, for (1) money damages, (2) punitive damages, and (3) interest, attorney's fees, filing fees, court costs and such other and further relief as the Court shall deem appropriate under the circumstances.

## COUNT II
## UNJUST ENRICHMENT

1. Defendants received consideration from plaintiffs in the form of loan repayments and will be unjustly enriched if those proceeds are not returned to plaintiffs or properly credited plaintiff against any amounts owed.

**WHEREFORE**, Plaintiff demands judgment against defendants, jointly and/or severally, for (1) money damages, (2) punitive damages, and (3) interest, attorney's fees, filing fees, court costs and such other and further relief as the Court shall deem appropriate under the circumstances.

## COUNT III
## VIOLATION OF N.J. CONSUMER FRAUD ACT

1. The plaintiffs are persons within the meaning of N.J.S.A. 56:8-1 (d).

2. The defendants are persons within the meaning of N.J.S.A. 56:8-l(d).

3. Banks and other lending institutions such as the plaintiffs, offer their services directly to the public for payment and are thus sales within the meaning of N.J.S.A. 56:8-l(e).

4. Banks offer their services directly to the public for payment and are thus merchandise within the meaning of N.J.S.A. 56:8-l(c).

5. Defendants are consumers entitled to the protection and remedies provided for by N.J.S.A. 56:8-1 et seq.

6. Plaintiffs and its agents, servants or employees and/or workers engaged in an unconscionable deception, fraud, false pretense, commercial practice, false promise or misrepresentation against the defendants insofar as plaintiffs issued a medallion loan at a commercially unreasonable interest rate as well as an unconscionable balloon term which effectively allowed the plaintiff to call in the loan as it saw fit and without any ability to modify or refinance.

8. Plaintiffs and its agents, servants or employees and/or workers engaged in an unconscionable commercial practice, deception, fraud, false pretense, false promise or misrepresentation against the defendants insofar as defendants were induced to pay monthly charges to plaintiff during the pandemic without such payments being properly credited or applied to principal and interest.

9. Plaintiff through its agents, servants or employees and/or worker engaged in an

unconscionable deception, fraud, false commercial practice, false pretense, promise or misrepresentation have failed to refused to negotiate with the defendants and further have received or could have received Coronavirus relief without passing such relief to its borrowers.

10. The plaintiffs complied with the requirements of N.J.S.A.56:8-20 et seq.

11. The plaintiffs bring this action pursuant to N.J.S.A. 56:8-19 and in accordance therewith, seek statutory treble damages, attorney's fees, filing fees and court costs.

(a) for under any statutes pled herein, including treble damages pursuant to N.J.S.A.56-8-19, recovery of ascertainable losses for loss of money and/or property pursuant to N.J.S.A. 56:8-19, a refund of all moneys acquired by means of any practice declared unlawful as permitted by N.J.S.A. 56:8-2.11, 56:8-2.12, all statutory/equitable remedies afforded by N.J.S.A. 56:8-1 et seq. and/or the remedies afforded fraud victims under the common law and/or pursuant to N.J.S.A. 2A:32-1 et seq.; other applicable consequential, incidental, nominal and expectation damages;

(b) actual damages;

(c) trebled damages;

(d) quantum meruit;

(e) lawful interest;

(f) costs, including filing fees and court costs;

(g) attorney's fees and

(h) other relief deemed equitable and just by the Court.

**WHEREFORE**, Plaintiff demands judgment against defendants, jointly and/or severally, for (1) money damages, (2) punitive damages, and (3) interest, attorney's fees, filing fees, court costs and such other and further relief as the Court shall deem appropriate under the circumstances.

## COUNT IV
### VIOLATION OF NY GENERAL BUSINESS LAW § 349(a)

1. Plaintiffs repeat each paragraph of the background common to all counts and factual contentions to be included by reference in every count of the complaint as if set out in full.

2. Defendants aforesaid conduct was deceptive and misleading conduct aimed at plaintiff consumers causing said consumers to reasonably rely said conduct resulting in ascertainable financial losses, having a wide ranging impact to consumers at large

### COUNT V
### BREACH OF CONTRACT

12. Defendants repeat and re-allege the aforementioned facts and/or allegations and makes them a part hereof as if the same were set forth fully at length herein.

    The parties entered into a contract respecting the funding of a taxicab medallion.

13. Defendants made payments under the contract to plaintiff and plaintiff accepted payments during the initial period, during the extensions, and during the Coronavirus Pandemic.

14. The parties course of dealing including extending the unreasonably short loan terms, avoiding the unreasonable and illegal balloon payments.

15. In addition, the defendants did make payments during the Coronavirus Pandemic despite being out of business and without income, and even went into further debt to make payments to plaintiff.

16. Such payments were made in good faith and defendant resumed the original payment amounts in Oct. 2022 through the present.

17. Such payments were unlawfully accepted and/or plaintiff has failed to account for and/or credit defendants for such payments against principal and interest.

18. Such actions are in breach of the contract between the parties.

19. Defendant made such payments in reliance of such contract to their detriment.

    **WHEREFORE**, Plaintiff demands judgment against defendants, jointly and/or severally, for (1) money damages, (2) punitive damages, and

(3) interest, attorney's fees, filing fees, court costs and such other and further relief as the Court shall deem appropriate under the circumstances.

**WHEREFORE**, Plaintiff demands judgment against defendants, jointly and/or severally, for (1) money damages, (2) punitive damages, and (3) interest, attorney's fees, filing fees, court costs and such other and further relief as the Court shall deem appropriate under the circumstances.

Date: 5/2/2024                                      By: */s/ Anthony Scordo*
                                                             Anthony Scordo

### DESIGNATION OF TRIAL COUNSEL

Anthony Scordo, Esq. is hereby designated as trial counsel for Plaintiffs in this matter.

Date: 5/2/2024                                      By: */s/ Anthony Scordo*
                                                             Anthony Scordo

### DEMAND FOR DISCOVERY OF INSURANCE INFORMATION

Plaintiff hereby demands discovery of any and all insurance agreements or policies which may be available to satisfy part of any judgment rendered in this matter against any party in favor of Plaintiff. For each insurance agreement or policy available to each party, please provide the following: (A) The name of the insurance company; (B) The named insured; (C) The names of any additional insured; (D) The policy period; and (E) The limits of coverage. Please produce this information within thirty days.

Date: 5/2/2024                                      By: */s/ Anthony Scordo*
                                                             Anthony Scordo

### CERTIFICATION OF NOTICE PURSUANT TO N.J.S.A. 56:8-20

Pursuant to N.J.S.A. 56:8-20, simultaneous with its filing, a copy of the within pleading is being furnished upon the Office of the Attorney General of the State of New Jersey, CN 080, Trenton, New Jersey 08625.

Date: 5/2/2024                                      By: */s/ Anthony Scordo*
                                                             Anthony Scordo